IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CANDACE J. RODGERS,

      Plaintiff,

v.

THE CHARTWELL LAW OFFICES,

      Defendant.

Civil Action File No.:
1:25-CV-05521-TRJ-CMS

**JURY TRIAL DEMANDED**

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, The Chartwell Law Offices, LLP ("Defendant"), by and through undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff's Complaint (ECF No. 1, the "Complaint") and shows the Court as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has not suffered any legally cognizable damages.

### THIRD DEFENSE

Plaintiff has failed to mitigate any damages that she may have suffered.

## FOURTH DEFENSE

Plaintiff is not entitled to compensatory or punitive damages arising from her claims because Defendant did not act with malice or reckless disregard for Plaintiff's federally protected rights, regardless of the ultimate lawfulness of its actions.

## FIFTH DEFENSE

All actions taken by Defendant with respect to Plaintiff's employment were taken for legitimate, non-discriminatory, non-retaliatory reasons.

## SIXTH DEFENSE

All actions taken by Defendant with respect to Plaintiff's employment were based upon reasonable factors other than her race, age, gender, disability, and/or Plaintiff's alleged protected activities.

## SEVENTH DEFENSE

Plaintiff's claims for damages are speculative in nature and should therefore be stricken.

## EIGHTH DEFENSE

Defendant would have taken the same actions without regard to Plaintiff's race, age, gender, disability, and/or Plaintiff's alleged protected activities.

## NINTH DEFENSE

At all times relevant hereto, Defendant had a specific policy against unlawful discrimination and retaliation in the workplace and such policy was well-known to its employees and contractors.

## TENTH DEFENSE

To the extent Plaintiff complained to Defendant about alleged unlawful treatment, Defendant took immediate and adequate steps to investigate Plaintiff's complaints.

## ELEVENTH DEFENSE

Plaintiff is not entitled to injunctive, equitable or declaratory relief, since Defendant's actions were premised upon legitimate non-discriminatory and non-retaliatory reasons.

## TWELFTH DEFENSE

Plaintiff did not engage in any statutorily-protected activity during her employment with Defendant.

## THIRTEENTH DEFENSE

Plaintiff cannot make out a prima facie case of discrimination or retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), The Age Discrimination in Employment Act of 1967, 29 U.S.C.

§621, et. seq. ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and/or the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## FOURTEENTH DEFENSE

Plaintiff cannot prove that Defendant's reasons for her termination are pretextual.

## FIFTEENTH DEFENSE

Plaintiff does not suffer from a disability as defined in the ADA.

## SIXTEENTH DEFENSE

Defendant did not have knowledge of Plaintiff's alleged disability.

## SEVENTEENTH DEFENSE

Plaintiff did not request accommodation(s) under the ADA.

## EIGHTEENTH DEFENSE

To the extent Plaintiff requested accommodation(s) under the ADA, the requested accommodation were unreasonable and would have constituted an undue burden on Defendant.

## NINETEENTH DEFENSE

Plaintiff cannot show that similarly situated individuals outside the protected class were treated more favorably than Plaintiff.

4

## TWENTIETH DEFENSE

Plaintiff cannot prove her prima facie case of discrimination because the individual who hired Plaintiff was the same individual who terminated Plaintiff.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiff is unable to prove that Defendant knew or should have known of any alleged discrimination or retaliation, she is barred from recovering from Defendant. Defendant's workplace decisions were grounded in standardized, fair criteria, rather than discriminatory intent.

## TWENTY-SECOND DEFENSE

To the extent Defendant learns that Plaintiff violated any policies or procedures or otherwise participated in actions warranting termination, her claims are barred under the theory of after-acquired evidence.

## TWENTY-THIRD DEFENSE

Defendant cannot be held liable for acts of its employees that it neither participated in, nor authorized, nor ratified.

## TWENTY-FOURTH DEFENSE

Defendant acted in good faith, and without malice or ill will.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed, in whole or in part, to exhaust all available administrative remedies, and/or otherwise failed to comply with the statutory prerequisites to the bringing of this action.

## TWENTY-SIXTH DEFENSE

Any adverse action taken against Plaintiff was in no way causally related to any alleged protected activity by Plaintiff.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata, claim preclusion, claim splitting, and/or collateral estoppel.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

## TWENTY-NINTH DEFENSE

Defendant had no prior knowledge of any employee's propensity to engage in certain unlawful acts.

## THIRTIETH DEFENSE

Defendant acted at all times in good faith and in a reasonable and prudent manner, exercising the degree of due care required in carrying out any duties

allegedly owed to Plaintiff and has been consistent with all applicable legal standards.

## THIRTY-FIRST DEFENSE

Plaintiff cannot prove that her working conditions were so intolerable as to sustain a claim for constructive discharge.

## THIRTY-SECOND DEFENSE

Plaintiff did not experience harassment that was sufficiently severe or pervasive to alter the terms and conditions of her employment.

## THIRTY-THIRD DEFENSE

Any allegedly harassing behavior Plaintiff encountered was not objectively and/or subjectively offensive.

## THIRTY-FOURTH DEFENSE

Plaintiff failed to utilize Defendant's policies and procedures regarding discrimination, harassment, and/or retaliation.

## THIRTY-FIFTH DEFENSE

Any alleged breach of any alleged duty Defendant had towards Plaintiff was not the proximate or actual cause of any alleged injuries sustained by Plaintiff.

## THIRTY-SIXTH DEFENSE

Defendant reserves the right to plead other affirmative defenses which may become known during its continuing investigation and during discovery in this case.

## THIRTY-SEVENTH DEFENSE

Defendant's actions were directly related to the essential requirements of the position Plaintiff was hired to perform.

## THIRTY-EIGHTH DEFENSE

In response to the allegations set forth in the numbered paragraphs of the Complaint, Defendant responds as follows:

## PRELIMINARY STATEMENT

1.

Defendant admits that Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et. seq.* ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). Defendant denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.

Defendant admits that Plaintiff is African American and over the age of forty (40). Defendant denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.

Defendant denies as pled the allegations contained in Paragraph 3 of the Complaint.

4.

Defendant denies as pled the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.

Defendant admits that this Court has jurisdiction. Defendant denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.

Defendant admits that venue is proper based on the location of an office of Defendant's in Atlanta. Defendant denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant admits that the EEOC issued a Dismissal and Notice of Rights to Plaintiff on July 1, 2025. Defendant denies all remaining allegations contained in Paragraph 8 of the Complaint.

## PARTIES

9.

Defendant admits Plaintiff is African American and over the age of forty (40) but denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.

Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and accordingly denies same.

11.

Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and accordingly denies same.

12.

Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and accordingly denies same.

13.

Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.

Defendant admits that it is a national law firm with several offices across the nation, but denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.

Defendant admits the allegations contained in Paragraph 15 of the Complaint.

**FACTUAL ALLEGATIONS**

16.

Defendant denies as pled the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies as pled the allegations contained in Paragraph 17 of the

Complaint.

18.

Defendant denies as pled the allegations contained in Paragraph 18 of the Complaint.

19.

Defendant denies as pled the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and accordingly denies same.

21.

Defendant denies as pled the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant denies as pled the allegations contained in Paragraph 22 of the Complaint.

23.

Defendant admits that Plaintiff became employed by Chartwell on July 11, 2022, but denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.

Defendant denies as pled the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant denies as pled the allegations contained in Paragraph 25 of the Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

Defendant denies as pled the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant denies as pled the allegations contained in Paragraph 31 of the Complaint.

32.

Defendant denies as pled the allegations contained in Paragraph 32 of the Complaint.

33.

Defendant denies as pled the allegations contained in Paragraph 33 of the Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.

Defendant admits that Plaintiff was placed on a Performance Improvement Plan ("PIP") on March 31, 2023, but denies the remaining allegations contained in Paragraph 35 of the Complaint.

14

36.

Defendant admits that Greene sent an email to Plaintiff on March 27, 2023, but denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.

Defendant denies as pled the allegations contained in Paragraph 37 of the Complaint.

38.

Defendant denies as pled the allegations contained in Paragraph 38 of the Complaint.

39.

Defendant admits Plaintiff was placed on the PIP on March 31, 2023, but denies as pled the remaining allegations contained in Paragraph 39 of the Complaint.

40.

Defendant denies as pled the allegations contained in Paragraph 40 of the Complaint.

41.

Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

Defendant denies as pled the allegations contained in Paragraph 43 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

Defendant denies as pled the allegations contained in Paragraph 45 of the Complaint.

46.

Defendant admits that Chartwell posted articles featuring Greene, Plaintiff and other African-American employees for Women's History Month and other events during the year 2023. Defendant denies as pled the remaining allegations contained in Paragraph 46 of the Complaint.

47.

Defendant denies as pled the allegations contained in Paragraph 47 of the Complaint.

48.

Defendant denies as pled the allegations contained in Paragraph 48 of the Complaint.

49.

Defendant denies as pled the allegations contained in Paragraph 49 of the Complaint.

50.

Defendant denies the allegations contained in Paragraph 50, including all subparts, of the Complaint.

51.

Defendant denies as pled the allegations contained in Paragraph 51 of the Complaint.

52.

Defendant denies as pled the allegations contained in Paragraph 52 of the Complaint.

53.

Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.

Defendant denies as pled the allegations contained in Paragraph 54 of the Complaint.

55.

Defendant admits that the PIP was delivered to Plaintiff via a Teams meeting with LaNatra, Greene and Clark in the meeting, but denies the remaining allegations as pled in Paragraph 55 of the Complaint.

56.

Defendant admits that Plaintiff did not successfully complete the PIP but denies the remaining allegations as pled in Paragraph 56 of the Complaint.

57.

Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and accordingly denies same.

58.

Defendant denies as pled the allegations contained in Paragraph 58 of the Complaint.

59.

Defendant denies as pled the allegations contained in Paragraph 59 of the Complaint.

60.

Defendant denies as pled the allegations contained in Paragraph 60 of the Complaint.

61.

Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.

Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.

Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.

Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.

Defendant denies as pled the allegations contained in Paragraph 65 of the Complaint.

66.

Defendant denies as pled the allegations contained in Paragraph 66 of the Complaint.

67.

Defendant denies the allegations contained in Paragraph 67, including all subparts, of the Complaint.

68.

Defendant denies it engaged in any retaliatory conduct. Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Complaint and accordingly denies same.

69.

Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and accordingly denies same.

70.

Defendant denies the allegations contained in Paragraph 70 of the Complaint.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII (42 U.S.C. §2000e-2(a)(1)

71.

Defendant incorporates by reference its answers to Paragraphs 1 to 70 of the Complaint as if fully set forth herein.

72.

Paragraph 72 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

73.

Paragraph 73 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

74.

Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of the Complaint.

21

76.

Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.

Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.

Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.

Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.

Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.

Defendant denies the allegations contained in Paragraph 81 of the Complaint.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA (29 U.S.C. §623(a)(1)

82.

Defendant incorporates by reference its answers to Paragraphs 1 to 81 of the Complaint as if fully set forth herein.

83.

Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.

Paragraph 84 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

85.

Paragraph 85 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

86.

Defendant denies the allegations contained in Paragraph 86, including all subparts, of the Complaint.

87.

Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.

Paragraph 88 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein. Defendant further answers that it denies it engaged in discrimination at any time with respect to Plaintiff's employment.

89.

Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.

Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.

Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.

Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.

Defendant denies the allegations contained in Paragraph 93 of the Complaint.

**COUNT III**
**DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN**
**VIOLATION OF THE ADA (42 U.S.C. §12112(a)AND (b)(5)(A)**

94.

Defendant incorporates by reference its answers to Paragraphs 1 to 93 of the Complaint as if fully set forth herein.

95.

Paragraph 95 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

96.

Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.

Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.

Paragraph 98 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

99.

Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.

Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.

Paragraph 101 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein. Defendant specifically denies it failed to engage in the interactive process.

102.

Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.

Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.

Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.

Defendant denies the allegations contained in Paragraph 105 of the Complaint.

## COUNT IV
## RACE DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866 (42 U.S.C. §1981)

106.

Defendant incorporates by reference its answers to Paragraphs 1 to 105 of the Complaint as if fully set forth herein.

107.

Paragraph 107 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

108.

Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.

Paragraph 109 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

110.

Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.

Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.

Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.

Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.

Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115.

Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.

Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.

Defendant denies the allegations contained in Paragraph 117 of the Complaint.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. §2000e-3(a), THE ADEA (29 U.S.C. §623(d), THE ADA (42 U.S.C. §12203(a) AND THE CIVIL RIGHTS ACT OF 1866 (42 U.S.C. §1981)

118.

Defendant incorporates by reference its answers to Paragraphs 1 to 117 of the Complaint as if fully set forth herein.

119.

Paragraph 119 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein. Defendant specifically denies it engaged in retaliation at any time with respect to Plaintiff's employment.

120.

Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.

Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122.

Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.

Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124.

Defendant denies the allegations contained in Paragraph 124, including all subparts, of the Complaint.

125.

Defendant denies the allegations contained in Paragraph 125 of the Complaint.

**COUNT VI**
**RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. §2000e-3(a), THE ADEA (29 U.S.C. §623(d), THE ADA (42 U.S.C. §12203(a) AND THE CIVIL RIGHTS ACT OF 1866 (42 U.S.C. §1981)**

126.

Defendant incorporates by reference its answers to Paragraphs 1 to 125 of the Complaint as if fully set forth herein.

127.

Paragraph 127 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

128.

Paragraph 128 of the Complaint contains a conclusory statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

129.

Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.

Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131.

Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132.

Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.

Defendant denies the allegations contained in Paragraph 133 of the Complaint.

**PRAYER FOR RELIEF**

In response to Plaintiff's Prayer for Relief following Paragraph 133 of the Complaint, Defendant denies that Plaintiff is entitled to the relief sought in

subparagraphs (A) through (H) contained therein, or to any relief. Defendant denies any and all remaining allegations contained in the Complaint other than those allegations specifically admitted in Paragraphs 1 through 133 above.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure, Defendants hereby demand trial by jury of any issue triable by right of a jury.

WHEREFORE, Defendant respectfully requests that:

(a) The Complaint be dismissed;

(b) Judgment be entered for Defendant;

(c) Plaintiff take nothing;

(d) Defendant be awarded its costs in defending this matter; and

(e) Defendant be awarded such other and further relief as this Court deems proper.

This 10th day of November, 2025.

Hawkins Parnell & Young, LLP
Attorneys for Defendant
By: */s/ Christine L. Mast*
Christine L. Mast
Georgia Bar No. 461349
cmast@hpylaw.com
303 Peachtree Street, Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400 (phone)
(855) 889-4588 (fax)

Chartwell Law
Attorneys for Defendant
By: */s/E. Graham Newsome*
E. Graham Newsome
GA State Bar No. 815149
GNewsome@chartwelllaw.com
3350 Riverwood Parkway SE
Suite 1250
Atlanta, GA 30339
(404) 410-1151 Main
(404) 738-1632 Fax

By: /s/*Michelle L. Greenberg*
Michelle L. Greenberg
(MG-3047)
mgreenberg@chartwelllaw.com
Chartwell Law
322 Hwy 35 South, Suite 300
Red Bank, NJ 07701
(856) 436-6766 Main
(856) 206-9856 Fax
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

This is to certify that I electronically filed the foregoing ***ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT*** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys and parties of record.

This 10th day of November, 2025.

Hawkins Parnell & Young, LLP
Attorneys for Defendant
By: */s/ Christine L. Mast*
Christine L. Mast
Georgia Bar No. 461349
cmast@hpylaw.com
303 Peachtree Street, Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400 (phone)
(855) 889-4588 (fax)